## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| 1.  **LATASHA STEWART,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| **v.** | ) | **CIV-17-783-F** |
| | ) | |
| 1.  **DEACONESS HOLDINGS, LLC,** | ) | |
| **a subsidiary of COMMUNITY** | ) | |
| **HEALTH SYSTEMS, INC., and** | ) | |
| 2.  **ALLIANCE HEALTH DEACONESS** | ) | |
| **a trade name for DEACONESS** | ) | |
| **HEALTH SYSTEMS, LLC,** | ) | |
| | ) | **Jury Trial Demanded** |
| **Defendants.** | ) | **Attorney Lien Claimed** |

## COMPLAINT

**COMES NOW** the Plaintiff, LaTasha Stewart, and for her Complaint in the above-entitled action, alleges and states as follows:

## PARTIES

1.     Plaintiff, LaTasha Stewart, is an adult female who at all times relevant hereto was a resident of Oklahoma County, Oklahoma.

2.     Defendants are:

a.     Deaconess Holdings, LLC, a subsidiary of Community Health Systems, Inc., an entity doing business in and around Oklahoma County, Oklahoma; and

b.     Alliance Health Deaconess, a trade name for Deaconess Health Systems, LLC, a limited liability company doing business in and around Oklahoma County, Oklahoma.

1

## JURISDICTION AND VENUE

3.      This is a cause of action arising out of Plaintiff's former employment with Defendants based on claims of race discrimination and retaliation in violation of 42 U.S.C. § 1981 and Title VII of the Civil Rights Act of 1964 (42 U.S.C. § 2000e-5(f)(1)).

4.      This Court has jurisdiction over Plaintiff's federal claims pursuant to 28 U.S.C. §1331.

5.      All of the claims complained of herein occurred in or around Oklahoma County, Oklahoma.  Defendants are doing business in such county.  Oklahoma County is located within the Western District of the United States District Court of Oklahoma, wherefore, venue is proper in this Court under 28 U.S.C. § 1391(b).

6.      Plaintiff has exhausted her administrative remedies.  She filed an EEOC Charge of Discrimination on or about January 11, 2017.  The EEOC issued a Notice of Right to Sue dated on or about June 21, 2017, which Plaintiff received thereafter by mail.  She has timely filed her Complaint within ninety (90) days from her receipt of the same.

## STATEMENT OF FACTS

7.      Plaintiff, a Black female, began her employment with Defendants on or about July 14, 2008 as a Certified Nurse's Assistant.  Plaintiff held this title throughout her employment, but performed other job responsibilities as well.

8.      Plaintiff satisfactorily performed her job throughout her lengthy (8 year) tenure. She received satisfactory performance evaluations, as well as merit pay increases.

9.     Despite her good work performance, Plaintiff was terminated from her employment on or about October 22, 2016 – just one week after Plaintiff complained to Director of Nursing Cindy Morris, who is White, of a racist comment Nurse Manager Jasmine Hypolite made to Plaintiff and another Black employee, Alberta Baker.

10.     Particularly, on or about October 13, 2016, Hypolite called Plaintiff and Ms. Baker into a meeting, asking them about an event that occurred in a patient's room earlier that morning.  During the course of the meeting, Hypolite told Plaintiff and Ms. Baker that they needed to "stop acting Black."

11.     Offended by the racist comment, Plaintiff and Baker complained to Morris the following day, on or about October 14, 2016.  Just days later, Plaintiff and Ms. Baker were fired.

12.     Morris and Human Resources Generalist Haley Stevens, who is White, told Plaintiff that she was being fired for alleged insubordination and unprofessional conduct. However, the stated basis for her termination is pretext.

13.     The termination notice Plaintiff received accuses Plaintiff of participating in a verbal altercation in a patient's room on October 13, 2016, and displaying an insubordinate attitude.  However, Plaintiff did not engage in the conduct of which she was accused.

14.     Moreover, Defendants have a progressive disciplinary policy in place which Defendants failed to follow.  And, other employees who were not Black actually engaged in insubordinate and unprofessional conduct, yet they were not fired.

3

15.     By way of example, non-Black employees have actually gotten in verbal altercations without being fired.  And, Morris admitted Hypolite was not fired despite the racist comment Hypolite made.

16.     As a direct and proximate result of Defendant's actions, Plaintiff has suffered injuries described below.

## COUNT I: 42 U.S.C. § 1981

For her first cause of action, Plaintiff incorporates all prior allegations and further alleges and states as follows:

17.     The matters alleged above constitute violations of 42 U.S.C. § 1981 in the nature of race discrimination and retaliation.

18.     Plaintiff is entitled to relief for race discrimination because Plaintiff is Black; she was qualified for her job; she was terminated from her employment with Defendants; and her job was not eliminated.

19.     Plaintiff is also entitled to relief for retaliation because Plaintiff engaged in protected opposition to racial harassment and discrimination; she suffered an adverse action subsequent to the protected activity; and a causal link exists between the protected activity and the adverse action.

20.     As damages, Plaintiff has suffered lost earnings, past and future, emotional distress and other equitable and compensatory damages allowed by the Civil Rights Act of 1991.

4

21.     Because the actions of the Defendants were willful, wanton or, at the least, in reckless disregard of Plaintiff's rights, Plaintiff is entitled to punitive damages.

## COUNT II: Title VII

For her second cause of action, Plaintiff incorporates all prior allegations and further alleges and states as follows:

22.     The matters alleged above constitute violations of Title VII of the Civil Rights Act of 1964 in the nature of race discrimination and retaliation.

23.     Plaintiff is entitled to relief for race discrimination because Plaintiff is Black; she was qualified for her job; she was terminated from her employment with Defendants; and her job was not eliminated.

24.     Plaintiff is also entitled to relief for retaliation because Plaintiff engaged in protected opposition to racial harassment and discrimination; she suffered an adverse action subsequent to the protected activity; and a causal link exists between the protected activity and the adverse action.

25.     As damages, Plaintiff has suffered lost earnings, past and future, emotional distress and other equitable and compensatory damages allowed by the Civil Rights Act of 1991.

26.     Because the actions of the Defendants were willful, wanton or, at the least, in reckless disregard of Plaintiff's rights, Plaintiff is entitled to punitive damages.

## REQUEST FOR RELIEF

  **WHEREFORE,** Plaintiff prays that this Court enter judgment in favor of Plaintiff and against Defendants and assess compensatory damages including but not limited to backpay, future wages and other compensatory damages, together with pre- and post-judgment interest, costs, attorney's fees, punitive damages and such other relief as this Court may deem equitable and appropriate or allowed by law.

  **RESPECTFULLY SUBMITTED THIS 21st DAY OF JULY, 2017.**

  s/Jana B. Leonard
  JANA B. LEONARD, OBA# 17844
  SHANNON C. HAUPT, OBA # 18922
  LEONARD & ASSOCIATES, P.L.L.C.
  8265 S. WALKER
  OKLAHOMA CITY, OK 73139
  (405) 239-3800      (telephone)
  (405) 239-3801      (facsimile)
  leonardjb@leonardlaw.net
  haupts@leonardlaw.net

  JURY TRIAL DEMANDED
  ATTORNEY LIEN CLAIMED